Weldon, J.,
delivered the opinion of the court:
On the 11th of November, 1890, the said claimant filed a petition in the words as follows, to wit:
“Your petitioner, Yictoria Gerding, respectfully represents that she is the administratrix of William Yaux, chaplain of the United States Army, who was chaplain of post of Fort Laramie, Nebraska, from September 29,1849, to July 1, 1802; hospital *320 chaplain of volunteers from August 6, 1804, to April 29,1807; and post chaplain from March 26,1807, to June 3, 1880, when he was put, as a last said chaplain, upon the retired list, where he remained till the day of his death, on July 22,1882; that the said William Yaux served continuously and faithfully discharged his duties as a said chaplain in the United States Army during the periods aforesaid, having first received due appointments to the said several positions of a said chaplain, and having duly accepted the said apjmintmeuts with their responsibilities ; that some time after the death of the said William Yaux, and more than three (3) years ago, application was duly made to the proper Department of the Government for a full and complete settlement and adjustment of his account in the office or several offices of a said chaplain; that it has been claimed that the said William Vaux, under his said office and upon his said account, is indebted to the United States in the sum of about thirty-one hundred dollars; and that his said account remains unsettled and unadjusted; and, further, that no suit upon the same has been brought by the United States.
“ Wherefore your petitioner, referring especially to section 3 of the act of Congress passed on March 3, 1887 (Stat. 24, p. 505), commonly known as the Tucker Act, prays that this honorable court will proceed to hear the parties, and to a certain the amount, if any, due the United States on said account, and to graut unto your petitioner such other and further relief a.s may be just and equitable.”
The petition, as it specifically alleges, is filed under section 3 of the Act of March 3, 1887 (24 Stat. L., 505), which section provides as follows :
“ That when any person shall present his petition to the Court of Claims, alleging that he is or has been indebted to the United States, as an agent or officer thereof, or by virtue of any contract therewith, * * * or personal representative of any officer or agent or contractor so indebted, * * * or that he or the person he represents has appealed to the proper Department of the Government requesting that the account of such agency or indebtedness may be adjusted or settled, and three years have elapsed from the date of such application, and said account still remains unsettled and unadjusted, and that no suit has been brought by the United States, then, upon notice, the court shall proceed to hear the parties and ascertain the amount, if any, due the United States on said account.”
In connection with the petition the claimant files request for findings as follows:
“The claimant, considering the facts hereinafter set forth to be proven, and deeming them material to the due presentation of this case in the findings of fact, requests the court to find the same as follows:
*321 “1. That tbe claimant served as a commissioned officer iu tlie U. S. Army continuously from August 17,1864, to June 8, 1880, on the active list, and from then to July 22,1882, on the retired list.
“2. That the claimant served as chaplain, under section 18 of the Act of July 5, 1838, not then being a commissioned officer, from September 29,1849, to July 12, 1861.
“3. That the claimant has been in no respect or payment overpaid as a said officer, commissioned or otherwise, for his services in the U. S. Army, if he was entitled always to take a credit on his commission for longevity pay of his length or time of service, U. S. A., while he held no commission.
“ 4. That, on the contrary, he has been short paid, in that he never received—
“First, the eight sums of money first specified (the first three being Tyler increases) on page 11 of the record, amounting to $380.12; and because one of said eight sums is short extended 20 cents.
“ Second, in that he never received pay for two rations on account of his prior length of service, U. S. A. (over ten years), while he was a commissioned officer, from August 17,1864, to April 29, 1867; the said two rations being of the value of 60 cents each from March 3, 1865, to July 28, 1866, and of the value of 30 cents each in the balance of this interval of time.
“ Third, in that he never received any pay at all for his 12 days’ service from the 1st to the 12th day of July, 1861.
“Fourth, in that, as he was actually paid, his third increase of pay for longevity of service began not until December 18, 1867, and his fourth longevity five years thereafter (on December 18,1872, whereas, he having completed fifteen years of prior service on November 2, 1867, his said third longevity should have begun then, and his fourth longevity five years thereafter, i. e., on November 2, 1872.
“Fifth, such other short payments as the court may be able to discover.”
In the trial this case was consolidated with the case of James A. M. La Tourette, which involved the same question — the right of longevity pay, computed on the time of service, by a party, before his commission, under the act of 1867.
In that case the court held that the claimant was not entitled to be credited with the time he may have performed the duties of the position of chaplain before the date of his commission under the act of 1867.
The law under which this suit was commenced introduces a new element into the jurisdiction of this court, by which the court, upon proper petition, may adjudicate and settle matters *322 unadjusted in the Departments, in which the claimant does not demand a judgment, or claim an indebtedness to him, but concedes “that he is or has been indebted” to the United States as an officer or agent.
Although the allegations of the petition do not by express averment allege an indebtedness to the claimant, it does not affirmatively appear that the claimant or decedent is now or was indebted to the defendents. The allegation is “ that it has been claimed that the said William Yaux under his said office and upon his said account is indebted to the United States in the sum of thirty-one hundred dollars, and that said account remains unsettled and unadjusted; and,further, that no suit upon the same has been brought by the United States.” It was insisted in the argument that so far from the decedent being indebted to the defendents, the defendents were indebted to decedent, upon a proper adjustment of his right under the longevity statutes. The legal theory upon which the claimant predicates her right to an indebtedness against the United States is the same upon which the suit of La Tourette was prosecuted; and which has been.decided adversely to the claimant. The object of the section of the statute, which is the alleged basis of this proceeding, is to bring to a speedy and final settlement claims upon the part of the Government which in the absence of any right upon the part of claimants, as recognized by that section, might remain dormant in the Department for years and then be prosecuted, to the great prejudice and disadvantage of both principals and sureties. A provision wise in its conception, and most beneficial in its application to the rights of parties, compelling the Government to bring to a determination claims which might remain in the Departments indefinitely. But it is not intended to afford relief except where a party “ either is or has been indebted,” and a proceeding under it can not be res cr ted to except where there is nothing due or claimed by the petitioner, or there is an indebtedness to the United States, but the amount is in dispute-between the parties. Not only may a party having contracts and obligations with and to the defendants avail himself of the law, but sureties and guarantors may resort to the equitable jurisdiction of the court for relief under the statute.
When a proper petition is filed, it is made the duty of the court to “proceed to hear the parties, and to ascertain the amount, if any, due the United States on said account.”
*323 No provision is made for a judgment in favor of a plaintiff; there may be no finding in favor of the defendants, as where the court determines nothing is due either party, but there can be no affirmative judgment in favor of the claimant.
If, in view of the decision in the La Tourette Case, the petitioner desires to prosecute her suit for the purpose of adjusting the account between the defendants and the estate which she represents, the petition must be so amended as to bring the case within the third section of the act of 1887 by alleging that there is or has been an indebtedness to the United States, and such further allegations as will disclose the jurisdiction of the court in the premises.
The order of the court is that the petition be dismissed, with leave to the claimant to have this order set aside for the purpose of amending her petition, if she so elects, on or before the third Monday of May next.