WeldoN, J.,
delivered the opinion of the court:
On the 27th day of April, 1891, the court announced an opinion in this case (26 C. Cls. R., 319) in which it was in substance decided, that inasmuch as the claimant did not admit an indebtedness to the defendants there was no jurisdiction in this court under the statute authorizing suits to be brought against the United States.
That opinion was delivered on demurrer to the petition, and. the following order was made:
“The order of the court is that the x>etition be dismissed with leave to the claimant to have this order set aside for the- *543 purpose of amending ber petition if sbe so elects on or before tbe 3d Monday of May next.”
A motion was then made “ for further findings of fact.”
Upon tbe argument of that motion a new trial was granted, and the case is now presented as upon an original trial. Upon a reconsideration of tbe case tbe court determines, notwithstanding tbe failure of tbe petition to allege or admit an indebtedness to tbe United States, to state tbe facts as set forth in tbe findings hereto attached.
Upon tbe facts so found we simply decide, as a conclusion of law, that nothing is due tbe United States. In tbe opinion of the court that is tbe extent of tbe jurisdiction of tbe court under tbe third section of the act of March 3, 1887 (24 Stat. L., 505), which reads as follows:
“ That whenever any person shall present bis petition to tbe Court of Claims alleging that be is or has been indebted to tbe United States as an officer or agent thereof, or by virtue of any contract therewith, or that be is tbe guarantor, or surety, or personal representative of any officer, or agent, or contractor so indebted, or that be, or tbe person for whom be is such surety, guarantor, or personal representative has held any office or agency under tbe United States, or entered into any contract therewith, under which it may be or has been claimed that an indebtedness to tbe United States has arisen and exists, and that be or tbe person be represents has applied to tbe proper Department of tbe Government requesting that tbe account of such office, agency, or indebtedness may be adjusted and settled, and that three years have elapsed from the date of such application and said account still remains unsettled and unadjusted, and that no suit upon the same has been brought by tbe United States, said court shall, due notice first being given to tbe bead of said Department and to tbe Attorney-General of the United States, proceed to bear the parties and to ascertain tbe amount, if any, due tbe United States on said account.”
In this proceeding we have simply stated the facts for tbe purpose of showing that there is nothing due tbe United States. As is said in tbe former opinion no provision is made for a judgment in favor of plaintiff. Tbe judgment of tbe court as now-rendered settles tbe question of the right of tbe defendants to claim anything from the estate of tbe decedent. Tbe liability of tbe estate to tbe United States is settled by tbe result of this proceeding, as long as it remains unreversed.
No judgment can be rendered in favor of tbe defendants nor any conclusion of indebtedness stated in favor of tbe claimant.