United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30542
Conference Calendar

_____

KARSTON KEELEN,

Petitioner-Appellant,

versus

FEDERAL BUREAU OF INVESTIGATION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-1122-C
---------------------

Before KING, Chief Judge, and JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Karston Keelen, Louisiana state prisoner # 125690, moves for

leave to proceed in forma pauperis to appeal the district court's

dismissal of his petition for mandamus relief.  The district

court dismissed the petition as frivolous and for failure to

state a claim on which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B)(i) and (ii).

Keelen's motion is a challenge to the district court's

certification that his appeal is not taken in good faith.  Baugh

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Keelen argues that the Federal Bureau of Investigation (FBI) has a duty to investigate his claims that he is subject to a conspiracy among prison officials and inmates to murder and harass him and that the district court should compel the FBI to perform its duty.

A writ of mandamus is not available to review the discretionary acts of officials. Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992). The FBI's decision to investigate a complaint is a discretionary decision. See 28 U.S.C. § 535(a). Further, the writ is not available if the petitioner has an alternative remedy. In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997). Keelen has an alternative remedy in the form of civil rights actions against the prison officers who are allegedly violating his constitutional rights. Keelen did not demonstrate that he was entitled to a writ of mandamus.

Keelen has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed in forma pauperis is DENIED and the appeal is DISMISSED as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Keelen's mandamus petition as frivolous and for failure to state a claim count as strikes under the Prison

Litigation Reform Act.  Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996); In re Crittenden, 143 F.3d 919, 920 (5th Cir. 1998).  Keelen previously obtained a strike when his appeal was dismissed in Keelen v. Cain, No. 02-31031 (5th Cir. Apr. 8, 2003), and he was cautioned in that opinion that the accumulation of three strikes would result in the imposition of a bar under 28 U.S.C. § 1915(g).  Because Keelen has accumulated three strikes under 28 U.S.C. § 1915(g), he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915 BAR IMPOSED.