United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10927
Summary Calendar

MARK J. WATSON,

Plaintiff-Appellant,

versus

ELECTRONIC DATA SYSTEMS; EMPLOYMENT AND TRAINING ADMINISTRATION;
ESA WAGE AND HOUR DIVISION; UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICE; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;
BUREAU OF CONSULAR AFFAIRS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 3:04-CV-2291
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mark Watson has moved to proceed in forma pauperis ("IFP") on
appeal, effectively challenging the district court's certification
that his appeal is not taken in good faith. See Baugh v. Taylor,
117 F.3d 197, 199-202 (5th Cir. 1997); 28 U.S.C. § 1915(a). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted the defendants' FED. R. CIV. P. 12(b)(1) and (6) motions to dismiss Watson's civil "Petition for Review," purportedly filed pursuant to the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(n), and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. Watson had alleged that his former employer, Electronic Data Systems, terminated him after conspiring with federal agencies to hire more "H-1B" nonimmigrant workers, and he sought declaratory relief stating that the H-1B program was "unlawful" and an injunction revoking all H-1B labor certifications and removing such workers from the country.

We review de novo the granting of a motion to dismiss under rule 12(b)(1) or (6). Musslewhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994); Gen. Elec. Capital Corp. v. Posey, 415 F.3d 391, 395 (5th Cir. 2005). To the extent that Watson relied on the APA as basis for subject-matter jurisdiction, such reliance was unavailing, because the APA does not confer such jurisdiction; the plaintiff must establish an independent jurisdictional basis. See Califano v. Sanders, 430 U.S. 99, 105-07 (1977). In any event, Watson failed to state a claim on which relief can be granted because, as the district court concluded, he had no private right of action in the first instance under § 1182(n), the subsection governing the H-1B program and providing procedures for enforcing its requirements. See La. Landmarks Soc'y, Inc. v. City of New Orleans, 85 F.3d 1119, 1121, 1125 (5th Cir. 1996); Shah v. Wilco Sys., Inc., 126 F. Supp. 2d 641, 647-48 (S.D.N.Y. 2000).

It is ordered that leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS.