**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 28, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10797
Summary Calendar
_____

MARK J. WATSON,

                                        Plaintiff-Appellant,

versus

BANK OF AMERICA; EMPLOYMENT AND TRAINING ADMINISTRATION;
ESA WAGE AND HOUR DIVISION; U.S. CITIZENSHIP AND IMMIGRATION
SERVICE; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; BUREAU OF
CONSULAR AFFAIRS,

                                        Defendants-Appellees.

-----------------------------------

_____

No. 05-10798
Summary Calendar
_____

MARK. J. WATSON,

                                        Plaintiff-Appellant,

versus

ELECTRONIC DATA SYSTEMS; EMPLOYMENT AND TRAINING ADMINISTRATION;
ESA WAGE AND HOUR DIVISION; U.S. CITIZENSHIP AND IMMIGRATION
SERVICE; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; BUREAU OF
CONSULAR AFFAIRS,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-7
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mark J. Watson, a Tennessee resident, has filed a motion to proceed in forma pauperis (IFP) on appeal, effectively challenging the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997); 28 U.S.C. § 1915(a). In the judgment that Watson has appealed in No. 05-10797, the district court dismissed his civil action as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Watson's action was purportedly filed pursuant to the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(n), and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. Watson had alleged that a prospective employer, Bank of America (BOA), rejected his job application, having conspired with federal agencies to hire more "H-1B"[**] nonimmigrant workers, and he sought declaratory relief stating that the H-1B program was "unlawful" and an injunction revoking all H-1B labor certifications and removing such workers from the country.

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] See 8 U.S.C. § 1101(a)(15)(H)(i)(b).

The district court correctly concluded that Watson failed to state a claim upon which relief can be granted because he had no private right of action under 8 U.S.C. § 1182(n)(5), which reserves to the Attorney General the authority to raise such claims as Watson's in the court of appeals. See Venkatraman v. REI Systems, Inc., 417 F.3d 418, 422-24 (4th Cir. 2005); Biran v. JP Morgan Chase & Co., No. 02 CIV. 5506(HHS) (S.D.N.Y. Sept. 12, 2002), 2002 WL 31040345 at **2-3; 8 U.S.C. § 1182(n)(5)(B)-(D).

Watson is challenging a different district-court judgment in No. 05-10798, a case in which he argued that his former employer, Electronic Data Systems, terminated him improperly in favor of H-1B nonimmigrant visa workers. Insofar as he is challenging this judgment, he had no private right of action in the first instance under 8 U.S.C. § 1182(n), the subsection governing the H-1B program and providing procedures for enforcing its requirements. See Louisiana Landmarks Soc'y, Inc. v. City of New Orleans, 85 F.3d 1119, 1121, 1125 (5th Cir. 1996); Shah v. Wilco Systems, Inc., 126 F. Supp. 2d 641, 647-48 (S.D. N.Y. 2000).

It is ordered that leave to proceed IFP is denied and that the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Watson's motion for production of transcripts at Government expense, his motion to strike pleadings, his motion to expedite the appeal, and his request for judicial notice are also denied.

IFP MOTION DENIED; MOTION FOR PRODUCTION OF TRANSCRIPTS DENIED; MOTION TO STRIKE DENIED; MOTION TO EXPEDITE DENIED; REQUEST FOR JUDICIAL NOTICE DENIED; APPEAL DISMISSED AS FRIVOLOUS.