Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5051

MARK J. WATSON

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Mark J. Watson, of Plano, Texas, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Christine O.C. Miller

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5051

MARK J. WATSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  June 6, 2007

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, and RADER, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

The Court of Federal Claims dismissed for lack of subject matter jurisdiction Mark J. Watson 's 28 U.S.C. §1494 claim.  The Court of Federal Claims also dismissed for failure to state a claim for which relief can be granted Mr. Watson's takings claim against the Department of Labor's Wage and Hour Division.  Finding no reversible error, this court <u>affirms</u>.

I

Mr. Watson was employed by Electronic Data Systems (EDS) until terminated as the result of a reduction-in-force on June 25, 2002.  Shortly thereafter Mr. Watson filed a complaint with the United States Department of Labor (DOL) alleging EDS had hired an H-1B alien in his place in violation of 20 C.F.R. § 655.738(b) and §§ 739(f), (g), (h), and

(j) of the Immigration and Nationality Act (the Act). 8 U.S.C. §§ 1001(a)(15)(H)(i)(b), 1182(n) and 1184(c). While the complaint was pending, Mr. Watson applied for positions with Bank of America (BOA) and International Business Machines Corporation (IBM). Both BOA and IBM declined to hire Mr. Watson. Thereafter Mr. Watson filed complaints against both companies with the DOL alleging EDS had hired H-1B aliens to fill positions for which he had applied in violations of the Act.

In all three complaints, the administrator of the Wage and Hour Division of the DOL determined the complaints did not allege reasonable cause to believe that a violation under the Act had occurred. Without a sufficient complaint, the administrators declined to give Mr. Watson a hearing. Mr. Watson separately appealed the administrator's decisions. The Office of Administrative Law Judges (OALJ) denied all three appeals. The OALJ reasoned that §§ 655.738 and 655.739 do not apply to this case because the companies are neither H-1B dependent nor willful violators per section 655.736. The OALJ also determined that it lacked jurisdiction under 655.206(b) because the administrator had not accepted the complaint.

Mr. Watson appealed the OALJ decision in the EDS and BOA cases to the Administrative Review Board (Board). The Board affirmed the OALJ. Mr. Watson later appealed the OALJ decision in the IBM case to the Board. The Board, citing the previous EDS and BOA Board decisions, declined to review Mr. Watson's appeal. Mr. Watson then filed suit against EDS, BOA, the DOL, the United States Department of Homeland Security and the Untied States Department of State in the United States District Court for the Northern District of Texas. Mr. Watson alleged the government conspired with the employers to systematically grant H-1B applications to the detriment

of native born American workers. The district court dismissed Mr. Watson's case because 8 U.S.C. § 1182(n) does not create a private cause of action on behalf of an employee allegedly terminated in favor of an H-1B nonimmigrant employee even if that status was obtained by the means of a fraudulent application. Watson v. Electronic Data Sys. Corp. No. 3-04-CV-2291-H (order). See also Watson v. Electronic Data Sys. Corp., No. 3-04-CV-2291-H (report and recommendation of United States magistrate judge). Unsatisfied, Mr. Watson appealed the district court decision to the United States Court of Appeals for the Fifth Circuit. On August 28, 2006, the Fifth Circuit dismissed Mr. Watson's appeal as frivolous. Watson v. Bank of America, 196 Fed. Appx. 306, 307-8 (5th Cir. 2006).

On October 16, 2006, Mr. Watson filed suit against the DOL in the United States Court of Federal Claims alleging the Employment Standards Administration Wage and Hour Division of the DOL wrongfully failed to investigate and adjudicate his claims. In his pleadings, Mr. Watson additionally alleged the DOL's actions "involves a taking by the ETA Alien Labor Certification Officer (CO) of my job and job opportunities via certified Labor Condition Applications (LCAs) and the subsequent failure of the ESA wage and hour division (administrator) to adjudicate my claims for just compensation," in violation of the Fifth Amendment. On January 26, 2007, the Court of Federal Claims granted the defendant's motion to dismiss. This appeal followed.

II

"In a given case, whether Tucker Act jurisdiction exists is a question of law that this court reviews without deference to the decision of the trial court. "In re United States, 463 F.3d 1328 (Fed. Cir.2006) (citing Core Concepts of Fla., Inc. v. United

<u>States</u>, 327 F.3d 1331, 1334 (Fed. Cir.2003); <u>Clark v. United States</u>, 322 F.3d 1358, 1362 (Fed. Cir.2003)). "[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." <u>Fisher v. United States</u>, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). The Federal Circuit reviews de novo whether the Court of Federal Claims properly dismissed a complaint for failure to state a claim. <u>United Pacific Ins. Co. v. United States</u>, 464 F.3d 1325, 1328 (Fed. Cir. 2006).

In his pleadings to the Court of Federal Claims, Mr. Watson asserted jurisdiction under § 28 U.S.C. § 1494. Section 1494 grants jurisdiction to the Court of Federal Claims of unsettled accounts of any officer, agent of, or contractor with the United States where (1) the claimant has applied to the proper department of the government for settlement, (2) three years has elapsed from the date of the application without settlement, and (3) no suit on the same matter has been brought by the United States. 28 U.S.C. § 1494. The Court of Federal Claims found that Mr. Watson is not an officer, agent of, or contractor with the United States. The trial court also found Mr. Watson does not have an unsettled account, but rather a complaint with the DOL that was not resolved to his satisfaction. Further, the trial court found Mr. Watson had not shown that an account had remained unsettled for a period of more than three years.

Additionally, the trial court noted the applicable regulations governing Mr. Watson's complaints to the DOL do not provide for appeal. Indeed, under § 655.806(a)(2), the administrator of the Wage and Hour Division of the DOL has complete discretion to determine if a complaint presents reasonable cause to believe that a violation under the Act occurred and if a complaint warrants investigation. 20

C.F.R. § 655.806(a)(2). If the Administrator finds an investigation unwarranted, the Act does not grant either a hearing or an appeal. Id. The administrator decided that none of Mr. Watson's complaints presented a reasonable cause to believe that a violation under the Act occurred. Therefore, the trial court dismissed Mr. Watson's complaint for want of Tucker Act jurisdiction. The administrator also chose not to investigate Mr. Watson's complaints.

Regarding Mr. Watson's takings claim, the trial court noted that the Fifth Amendment requires a plaintiff to possess a private property interest. See e.g., American Pelagic Fishing Co. v. United States, 379 F.3d 1363 (Fed. Cir. 2004). To present a compensable claim, a property interest must include attributes such as the ability to exclude others from the use or enjoyment of that property. Members of the Peanut Quota Holders Ass'n v. United States, 421 F.3d 1323 (Fed. Cir. 2005). The trial court found no evidence of such a private property interest. Indeed, Mr. Watson's only argument on appeal is that the failure of alien labor certification officer to adjudicate his claim constitutes a taking. Mr. Watson, however, never had a property right in employment at any of the accused employers. Stone v. Fed. Deposit Ins. Corp., 179 F.3d 1368, 1374 (Fed. Cir. 1999) (observing the federal constitution provides property rights protection for public, not private employment). Thus, the decision of the certification officer not to investigate the accused employers could not have deprived Mr. Watson of a property right.

For the foregoing reasons, this court affirms the final decision of the Court of Federal Claims.