Mark J. WATSON, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 08–746C.

United States Court of Federal Claims.

March 5, 2009.

Mark J. Watson, appearing pro se, Plano, Texas, Plaintiff.

Gregg M. Schwind, with whom were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

In this *pro se* action, Plaintiff Mark J. Watson seeks damages relating to the United States Department of Labor's ("DOL") administration of the non-immigrant visa program under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and DOL's decision not to investigate Plaintiff's claims for damages. Defendant has moved to dismiss the complaint as barred by the doctrine of res judicata. For the reasons stated below, Defendant's motion to dismiss is GRANTED, and Plaintiff's complaint shall be DISMISSED without prejudice.

### Background

The present case is Plaintiff's second attempt to obtain damages from the Government for the DOL's alleged failure to investigate and adjudicate claims relating to the employment of foreign workers in the United States. Plaintiff first brought this matter before this Court on October 16, 2006, filing a complaint alleging that the Employment Standards Administration Wage and Hour Division of the DOL wrongfully failed to investigate and adjudicate his claims. *Watson v. United States*, No. 06–716C, 2007 WL 5171595 at *1 (Fed.Cl. Jan.26, 2007), *aff'd* 240 Fed.Appx. 410 (Fed.Cir.2007). In that case, referred to herein as *Watson I*, Plaintiff sought to establish jurisdiction in this Court through 28 U.S.C. § 1494 (relating to the adjudication of unsettled accounts of officers or agents of, or contractors with, the United States). *Watson,* 2007 WL 5171595 at *5. The Court granted Defendant's motion to dismiss pursuant to RCFC 12(b)(1), holding that Section 1494 did not provide the Court with jurisdiction because Plaintiff failed to meet the requirements of the statute. *Id.* at *6.[1]

Plaintiff appealed *Watson I*, and the United States Court of Appeals for the Federal Circuit affirmed this Court's decision on June 6, 2007. *Watson,* 240 Fed.Appx. at 413. On January 24, 2008, Plaintiff filed a motion for relief from judgment due to mistake. The same day, Plaintiff filed an amended complaint, seeking liquidated damages under 28 U.S.C. § 1491, and jurisdiction pursuant to 28 U.S.C. § 1494. Am. Compl. 6–8, 28 (Jan. 24, 2008). The Court, explaining that Plaintiff simply sought to expand "the statutes and regulations upon which he relie[d] to establish jurisdiction, or to refile his 'correctly stated claim[,]' " did not permit Plaintiff to file the amended complaint. *Watson I,* Jan. 25, 2008 Order 2 (citation omitted). Noting that it reviewed the statutes and regulations, the Court explained that they were "part and parcel of the statutory framework that plaintiff relied on in his original action." *Id.* The Court held that none of the citations provided grounds for jurisdiction and added that Plaintiff had no right to amend a complaint, because his original complaint was dismissed. *Id.* The Court then directed the Clerk not to accept for filing any motion by Plaintiff relating to the original complaint. *Id.* at *2–3 ("The court declines to burden the court and the Department of Justice with serial motions from plaintiff. Accordingly ... [t]he Clerk of the Court is instructed not to accept for filing any motion lodged or filed by plaintiff that relates to the original complaint or to the instant motion.") (citation omitted).

---

1. In Plaintiff's opposition to Defendant's November 29, 2006 motion to dismiss, Plaintiff asserted jurisdiction in this Court because the Government took both his job and his job opportunities, and failed to adjudicate his claims for just compensation. *Watson,* 2007 WL 5171595 at *6. The Court, however, held that, assuming that Plaintiff intended to invoke the Fifth Amendment of the United States Constitution, he failed to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *Id.* The Court explained, "Plaintiff has failed to allege that he possessed such private property interest. He never possessed the authority to transfer or exclude others from use or enjoyment of a potential position with IBM." *Id.* at *7. Plaintiff does not raise a takings claim in the present case.

On October 20, 2008, Plaintiff filed the present action. Plaintiff seeks more than $56 million in liquidated damages as a result of an alleged "document fraud scheme" perpetrated by the Employment and Training Administration Alien Labor Certification Officer and the Employment Standards Administration's Wage and Hour Division's subsequent failure to adjudicate Plaintiff's claim. Compl. 8, 29–30 (Oct. 20, 2008). Plaintiff requests these damages pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (2006), asserting that 28 U.S.C. § 1494 is the appropriate money-mandating statute. Compl. 6–8; Pl.'s Mot. for Tele. & Claim Reassignment 3 (Oct. 20, 2008) ("28 U.S.C. § 1494 is the money mandating statute establishing subject-matter jurisdiction of the claims court.") (footnote omitted). With his complaint, Mr. Watson filed a motion for a telephone conference and to reassign his January 24, 2008 claim to a "random" Judge of this Court.

Defendant, on December 19, 2008, filed a motion to dismiss, asserting that Plaintiff's complaint was barred by the doctrine of res judicata. Def.'s Mot. to Dismiss 1 (Dec. 19, 2008). Defendant notes that Plaintiff has filed numerous lawsuits against the DOL and private companies disputing the right of foreign workers to obtain employment in the United States, *id.* at 1–2, and argues that the Court's ruling in *Watson I* causes the present suit to be barred by res judicata, *id.* at 2–3. In response, Plaintiff filed a motion to strike Defendant's motion and to compel discovery on January 21, 2009. Defendant filed a reply brief on January 27, 2009.

*Discussion*

A. *Standard of Review*

1. *Subject Matter Jurisdiction*

Before this Court proceeds to the merits of an action, "[s]ubject matter jurisdiction must be established...." *BearingPoint, Inc. v. United States,* 77 Fed.Cl. 189, 193 (2007) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). "The party asserting the Court's jurisdiction bears the burden of proof on jurisdictional issues." *Id.* (citation omitted).

*Pro se* litigants are afforded considerable leeway in presenting their pleadings to the Court. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (explaining that pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers"). However, this broad latitude does not exempt *pro se* litigants from meeting this Court's jurisdictional requirements. *See Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995). Thus, *pro se* plaintiffs still have the burden of establishing subject matter jurisdiction. *Tindle v. United States,* 56 Fed.Cl. 337, 341 (2003). Further, there is no duty for a court to create any claims that are not spelled out in Plaintiff's pleading. *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (citation omitted).

2. *Res Judicata*

Res judicata, or claim preclusion, "prevents a party from relitigating the same claims that were or could have been raised before." *Case, Inc. v. United States,* 88 F.3d 1004, 1011 (Fed.Cir.1996) (citation omitted). This doctrine ensures "that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). Res judicata precludes litigants from contesting matters that they have already had a full and fair opportunity to litigate, protects defending parties from the expense of duplicitous litigation, conserves judicial resources, and minimizes the possibility of inconsistent decisions by multiple forums asked to resolve the same matter. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (citation omitted).

For res judicata to apply, the moving party must prove: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States,* 334 F.3d 1052, 1055 (Fed.Cir.2003) (citation omitted).

### B. Res Judicata Precludes Plaintiff's Claim Under 28 U.S.C. § 1494.

Plaintiff, in his October 2008 complaint, has failed to cure the jurisdiction defects in his original claim under 28 U.S.C. § 1494. As such, res judicata precludes this cause of action.

Plaintiff does not dispute that two of the three res judicata factors are met by this claim. Specifically, Plaintiff's response is devoid of any argument that the parties to this suit are identical to the parties in his previous suit or that the second claim is based on the same set of transactional facts as the first. Rather, Plaintiff argues that, because his first suit was dismissed for lack of jurisdiction, there was no final judgment on the merits and thus there can be no preclusion due to res judicata. Pl.'s Mot. to Strike at 4 (Jan. 21, 2009) (citation omitted).

However, a court always possesses jurisdiction to determine the scope of its jurisdiction, and " '[d]ismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue.' " *Goad v. United States*, 46 Fed.Cl. 395, 398 (2000) (quoting *Amgen, Inc. v. United States Int'l Trade Comm'n*, 902 F.2d 1532, 1536 n. 5 (Fed.Cir. 1990)), appeal dismissed No. 00–5063, 2000 WL 1062091 (Fed.Cir. July 21, 2000). If a "second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of res judicata bars the second claim." *Id.* Conversely, "if the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit, then the second-filed suits presents a different jurisdictional issue and res judicata does not apply." *Id.*

In the present case, Plaintiff has failed to assert new information which cures the jurisdictional defect identified in *Watson I*. In the first case, Plaintiff sought jurisdiction through 28 U.S.C. § 1494, which "grants the Court of Federal Claims jurisdiction over unsettled accounts of officers, agents, or contractors when (1) the plaintiff 'applied to the proper department of the Government for settlement of the account;' (2) 'three years have elapsed from the date of such applica-

tion without settlement,' and (3) 'no suit upon the same has been brought by the United States.' " *Watson*, 2007 WL 5171595 at *5 (citation omitted). The Court explained the jurisdictional grant of 28 U.S.C. § 1494 through a comparison to Section 180 of the Judicial Code, Pub.L. No. 61–475, 36 Stat. 1141 (1911):

> In 1930 the United States Court of Claims had occasion to comment on the jurisdictional grant provided for in Section 180 of the Judicial Code, Pub.L. No. 61–475, 36 Stat. 1141 (1911), which is substantively similar to 28 U.S.C. § 1494. *Compare* Section 180 of the Judicial Code, Pub.L. No. 61–475, 36 Stat. 1141 (1911) with 28 U.S.C.A. § 1494 (2006). In *Standard Dredging Co. v. United States*, 71 Ct.Cl. 218, 239 (1930), the court stated: "The plain language of the section grants to an officer, agent, or a contractor the right to come into this court and have the claim of the United States that he is indebted to it determined." *Id.; see also, Gerding v. United States*, 26 Ct.Cl. 319, 322 ("The object of the section of the statute, [24 Stat. 505 (1887) ] ... is to bring to a speedy and final settlement claims upon the part of the Government which in the absence of any right upon the part of claimants, ... might remain dormant in the Department for years and then be prosecuted, to the great prejudice and disadvantage of both principals and sureties.").

*Watson*, 2007 WL 5171595 at *5.

The Court held that Section 1494 did not provide it with jurisdiction because Plaintiff failed to meet the requirements of the statute. *Id.* at *6. The Court explained that: (1) Plaintiff was neither an officer, agent, nor contractor of the United States; (2) Plaintiff did not show that he had an "unsettled account," rather, he alleged that he had filed a complaint with the Department of Labor that was not resolved to his satisfaction; and (3) Plaintiff failed to demonstrate that an account has remained unsettled for a period of more than three years. *Id.*[2]

---

**2.** The Court added that Plaintiff ignored applicable regulations that denied review of his com-

plaint because an Administrator determined that his complaint " 'fail[ed] to present reasonable

In the present case, Plaintiff has failed to provide new information that would fully cure the jurisdictional defect identified in *Watson I*. While Plaintiff does allege that "[t]he matter has been pending before the proper government department for a period greater than three years[,]" Compl. 8, this new information is insufficient to cure the defect in jurisdiction. Plaintiff still fails to allege or establish that he is an officer, agent, or contractor of the United States, as required for jurisdiction under 28 U.S.C. § 1494. Further, Mr. Watson continues to allege that the DOL failed to adjudicate an appeal rather than alleging an "unsettled account." Thus, this Court continues to lack jurisdiction to hear Plaintiff's 28 U.S.C. § 1494 claim. Plaintiff's failure to cure the defects identified in *Watson I* in the present suit cause res judicata to bar this claim. *See Goad*, 46 Fed.Cl. at 398.

### C. *Plaintiff's Motions are Denied.*

Given the Court's ruling that res judicata bars Plaintiff's claim, both Mr. Watson's motion for a telephone conference and for reassignment of the case to a "random" judge, and his motion to strike the Defendant's motion to dismiss and to compel discovery, are hereby DENIED.

### Conclusion

Based upon the forgoing, Defendant's motion to dismiss the complaint as barred by the doctrine of res judicata is GRANTED. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.