NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5081

MARK J. WATSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

<u>Mark J. Watson</u>, of Plano, Texas, pro se.

<u>Gregg M. Schwind</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were <u>Tony West</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Todd M. Hughes</u>, Deputy Director.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5081

MARK J. WATSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-746, Judge Thomas C. Wheeler.

_____

DECIDED:  October 7, 2009

_____

Before MAYER, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

Mark Watson appeals from the final decision of the United States Court of Federal Claims ("Claims Court") dismissing his claims as barred by the doctrine of res judicata.  Watson v. United States, 86 Fed. Cl. 399 (2009).  Because the Claims Court correctly determined that Mr. Watson failed to cure the jurisdictional defects present in a first-filed suit involving the same parties and claims, we affirm.

BACKGROUND

On June 25, 2002, Mr. Watson lost his job at Electronic Data Systems ("EDS") as the result of a reduction-in-force.  Shortly thereafter he filed a complaint with the United States Department of Labor ("DOL") alleging that EDS had hired an H-1B alien in his

place in violation of the Immigration and Nationality Act ("the Act"). While this first complaint was pending, Mr. Watson applied for but was denied positions with both Bank of America and International Business Machines Corporation. Subsequently Mr. Watson filed complaints against both companies with the DOL. In all three cases, the administrator of the Wage and Hour Division of the DOL determined that the complaints did not allege reasonable cause to believe that a violation under the Act had occurred. Mr. Watson unsuccessfully appealed all three decisions to the Office of Administrative Law Judges and then to the Administrative Review Board.

On October 16, 2006, Mr. Watson filed his first complaint in the Claims Court against the DOL after an unsuccessful attempt to bring suit in the United States District Court for the Northern District of Texas. See Watson v. Bank of Am., 196 Fed. Appx. 306 (5th Cir. 2006) (affirming the district court's dismissal for failure to state a claim). Mr. Watson alleged that the Wage and Hour Division wrongfully failed to investigate and adjudicate his claims against his former and prospective employers for hiring foreign workers in violation of the Act. Mr. Watson premised jurisdiction on 28 U.S.C. § 1494, which grants the Court of Federal Claims "jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States . . . ." The Claims Court granted the government's motion to dismiss for lack of subject matter jurisdiction, holding that Mr. Watson did not meet the requirement of § 1494 because he was not an "officer or agent of, or contractor with, the United States" and had not shown that he had an "unsettled account." Watson v. U.S., No. 06-716C, 2007 WL 5171595, at *6 (Fed. Cl. Jan. 26,

2009-5081
-2-

2007) (Watson I). This court affirmed. Watson v. U.S., 240 Fed. Appx. 410 (Fed. Cir. 2007).

On October 20, 2008, Mr. Watson filed the present action in the Claims Court, claiming $56 million in liquated damages as a result of a "document fraud scheme" perpetrated by the Employment and Training Administration Alien Labor Certification Officer and the DOL's subsequent failure to investigate and adjudicate claims relating to the employment of foreign workers under the Immigration and Nationality Act. In his complaint, Mr. Watson sought damages under 28 U.S.C. § 1491(a)(1), again claiming § 1494 as the appropriate basis for subject matter jurisdiction. On December 19, 2008, the government responded with a motion to dismiss on the ground that Mr. Watson's claims were barred by res judicata. The Claims Court granted the government's motion, holding that Mr. Watson had failed to assert new information that would fully cure the jurisdictional defects identified by that court in Watson I. Specifically, the Claims Court found that Mr. Watson again failed to allege that he was an officer, agent, or contractor of the United States, and he continued to allege that the DOL failed to adjudicate an appeal rather than that he had an unsettled account.

Mr. Watson timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits precludes the same parties from relitigating claims in a subsequent action that were or could have been raised before. Faust v. U.S., 101 F.3d 675, 677 (Fed. Cir. 1996). The determination whether a claim is barred by res judicata is a question of law

that this court reviews <u>de</u> <u>novo</u>. <u>Id.</u> To prevail, the party asserting the bar must prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first. <u>Ammex, Inc. v. U.S.</u>, 334 F.3d 1052, 1055 (Fed. Cir. 2003). A dismissal for lack of jurisdiction triggers the application of the doctrine of <u>res</u> <u>judicata</u> as to the jurisdictional issue. <u>Amgen Inc. v. U.S. Int'l Trade Comm'n</u>, 902 F.2d 1532, 1536 n.5 (Fed. Cir. 1990); <u>see also</u> <u>Citizens Elecs. Co. v. OSRAM GmBH</u>, 225 Fed. Appx. 890, 893 (Fed. Cir. 2007) ("It is well settled that the principles of res judicata apply to questions of jurisdiction as well as to other issues.").

Mr. Watson concedes that the doctrine of <u>res</u> <u>judicata</u> bars a party's claims if a court of competent jurisdiction has rendered a final judgment on the merits in a previous suit involving the same parties and claims. But he argues that a dismissal for lack of subject matter jurisdiction is not a disposition on the merits and permits a plaintiff to refile. Therefore, according to Mr. Watson, because the Claims Court dismissed his prior claim without prejudice for lack of subject matter jurisdiction, the doctrine of <u>res</u> <u>judicata</u> does not apply to the present action.

The government responds that <u>res</u> <u>judicata</u> applies to the facts underlying the issue of the Claims Court's jurisdiction in the prior dismissal. The government agrees that the prior dismissal of Mr. Watson's claims for lack of subject matter jurisdiction would not bar the merits of his claims being heard if refiled in a court having jurisdiction over those claims, but argues that it does bar his claims here where he has not cured the jurisdictional defects in his second-filed complaint.

2009-5081

We agree with the government that <u>res judicata</u> bars Mr. Watson's claims before the Claims Court because he again seeks jurisdiction under § 1494 for the same parties and claims. <u>See Citizens Elecs.</u>, 225 Fed. Appx. at 893; <u>Amgen</u>, 902 F.2d at 1536 n.5. In his first suit, Mr. Watson challenged the DOL's failure to investigate and adjudicate his claims against certain companies for violations of the Immigration and Nationality Act, relying on § 1494 as the basis for jurisdiction. The Claims Court dismissed the claim for lack of subject matter jurisdiction under the statute, and we affirmed. Mr. Watson now raises the same claims and the same jurisdictional basis without alleging sufficient additional facts that would cure the jurisdictional defect. Specifically, as the Claims Court found, Mr. Watson fails to allege that he is an officer, agent, or contractor of the United States and he continues to allege, not that he has an "unsettled account," but that the DOL did not investigate or adjudicate his claims. For these reasons, his complaint is barred in the Claims Court by the doctrine of <u>res judicata</u>.

Because Mr. Watson's remaining arguments were not presented to or decided by the Claims Court, we do not consider them here. Accordingly, we <u>affirm</u>.

2009-5081