# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2010

No. 10-40411
Summary Calendar

Lyle W. Cayce
Clerk

MARK J. WATSON,

Plaintiff–Appellant

v.

CHIEF ADMINISTRATIVE LAW JUDGE; UNITED STATES
DEPARTMENT OF LABOR; BANK OF AMERICA; ELECTRONIC DATA
SYSTEMS CORPORATION; IBM CORPORATION; UNITED STATES
DEPARTMENT OF HOMELAND SECURITY; UNITED STATES
DEPARTMENT OF STATE,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-310

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mark J. Watson, *pro se*, appeals the district court's dismissal of his case for lack of subject matter jurisdiction. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40411

# I. FACTUAL AND PROCEDURAL HISTORY

In 2003, Watson filed a complaint with the Wage and Hour Division of the U.S. Department of Labor ("WHD"), alleging that Electronic Data Systems Corp. ("EDS"), his former employer, terminated his employment and hired an H1-B foreign worker in his place in violation of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1182(n). Watson also filed complaints against Bank of America, N.A. ("BOA") and IBM Corp. ("IBM"), alleging that they had unlawfully hired H-1B foreign workers to fill positions for which he had applied.

WHD declined to investigate Watson's complaints because there was "no reasonable cause" to believe that a violation of the INA had occurred. Watson requested hearings for each complaint, but various Administrative Law Judges granted summary judgment to EDS, BOA, and IBM. Watson then appealed each of these adverse decisions to the Department of Labor's Administrative Review Board (the "Board"). The Board affirmed the EDS and BOA decisions on May 31, 2005, and declined to review the IBM decision on October 20, 2006.

On June 22, 2009, Watson filed this lawsuit in the Eastern District of Texas, claiming that EDS, BOA, and IBM had violated the INA and that various federal agencies, including the Department of Labor, had wrongfully failed to investigate his complaints.[1] According to Watson, this lawsuit is "an appeal of a final agency action (a.k.a. application for writ of mandamus) filed in the district court under the jurisdictional authority of 28 U.S.C. § 1361 [the federal

---

[1] This is not Watson's first time in federal court on these claims. Including the instant case, he has filed no less than five federal lawsuits based on substantially similar factual allegations, resulting in at least nine written opinions, none of which have resolved even a single issue in his favor. *See Watson v. Elec. Data Sys.*, No. 3:04-CV-02291 (N.D. Tex. June 14, 2005)*, appeal dismissed as frivolous*, 191 F. App'x 315 (5th Cir. 2006); *Watson v. Bank of Am.*, No. 3:05-CV-00007 (N.D. Tex. June 14, 2005), *appeal dismissed as frivolous*, 196 F. App'x 306 (5th Cir. 2006), *cert. denied*, 549 U.S. 1362 (2007); *Watson v. United States*, No. 06-CV-00716, 2007 WL 5171595 (Fed. Cl. Jan. 26), *aff'd*, 240 F. App'x 410 (Fed. Cir.), *cert. denied*, 552 U.S. 868 (2007), *reh'g denied*, 281 F. App'x 970 (Fed. Cir. 2008); *Watson v. United States*, 86 Fed. Cl. 399 (Fed. Cl.), *aff'd*, 349 F. App'x 542 (Fed. Cir. 2009).

No. 10-40411

mandamus statute] pursuant to 5 U.S.C. § 701 through 5 U.S.C. § 706 [the Administrative Procedure Act ("APA")]."

The district court adopted the magistrate judge's recommendation and dismissed Watson's claims because: (1) the court lacked jurisdiction to review WHD's and the Board's decisions, or grant relief for claims arising under the INA relating to the H-1B program; and (2) the doctrine of res judicata barred Watson's claims because they had been previously dismissed by multiple federal courts.  Watson appeals.

## II. ANALYSIS

We review the district court's dismissal for lack of subject matter jurisdiction *de novo.  CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (citation omitted).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Id.* (citation omitted).

Watson purports to bring his claims under the APA, 5 U.S.C. § 706; the INA, 8 U.S.C. § 1182(n); the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201; and the federal mandamus statute, 28 U.S.C. § 1361.  We agree with the district court—and every other court that has examined Watson's claims—that these statutes do not provide sufficient grounds for jurisdiction.

Under the APA, there is no judicial review of agency action when that "agency action is committed to agency discretion by law."  5 U.S.C. § 701(a)(2). The H-1B provisions of the INA instruct the Secretary of Labor (or her designee) to "conduct an investigation" into complaints that an employer has failed to abide by the H-1B provisions regarding the displacement of U.S. workers with H-1B foreign workers "if there is reasonable cause to believe that such a failure . . . has occurred."  8 U.S.C. § 1182(n)(2)(A).[2]  By the terms of the INA,

---

[2] A separate provision for complaints to the Attorney General, 8 U.S.C. § 1182(n)(5)(B), which is subject to limited judicial review, *id.* § 1182(n)(5)(D), is not at issue in this case.

therefore, only the Secretary is empowered to make this reasonable-cause assessment. In other words, WHD's determination that there was no reasonable cause to investigate Watson's allegations, and the Board's affirmance of that determination, are decisions that are committed to the discretion of a federal agency under the statute and, therefore, are unreviewable. *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985) ("[A]n agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion." (citations omitted)); 20 C.F.R. § 655.806(a)(1) (providing that under § 1182(n)(2), "[n]o hearing or appeal . . . shall be available where the Administrator [of WHD] determines that an investigation on a complaint is not warranted.").

Moreover, as we have pointed out in our previous opinions regarding Watson's claims, § 1182(n) does not create a private cause of action on behalf of an employee who was allegedly fired or not hired in favor of an H-1B foreign worker. *See Watson*, 196 F. App'x at 307–08; *Watson*, 191 F. App'x at *1; *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 422–24 (4th Cir. 2005); *Shah v. Wilco Sys., Inc.*, 126 F. Supp. 2d 641, 647 (S.D.N.Y. 2000) (all holding that there is no private right of action under § 1182).

Beyond the text of the INA itself, neither the APA nor the DJA serves as an independent basis for subject matter jurisdiction. *See Watson*, 191 F. App'x at *1 (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977) ("We thus conclude that the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action.")); *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right." (citation omitted)); *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010) ("A declaratory judgment claim is not jurisdiction-conferring; there must be an independent basis for federal jurisdiction." (citation omitted)).

No. 10-40411

In addition, the federal mandamus statute, 28 U.S.C. § 1361, does not confer jurisdiction either. Issuance of a writ of mandamus is an "extraordinary remedy, available only where government officials clearly have failed to perform *nondiscretionary* duties." *Dunn-McCampbell Royal Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997) (emphasis added) (citations omitted). Here, WHD's decision not to investigate was entirely discretionary under the statute, and thus it cannot support any contention by Watson that mandamus should issue. *See Keelen v. FBI*, 78 F. App'x 389, 390 (5th Cir. 2003); *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984) (both holding that a writ of mandamus was not available to force the FBI to investigate a complaint).

Accordingly, the district court was correct when it ruled that it did not have subject matter jurisdiction over this case.[3]

AFFIRMED.

---

[3] Because we find that there was no subject matter jurisdiction over Watson's claims, we need not decide whether the doctrine of res judicata also bars the claims.