NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAMAR BERRY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2025-1163

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-2983, Judge Michael P. Allen.

_____

Decided:  March 3, 2025

_____

LAMAR BERRY, Austin, TX, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; MATTHEW ALBANESE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

Lamar Berry appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court"). *Berry v. McDonough*, No. 24-2983, 2024 WL 4157840, at \*2 (Vet. App. Sept. 12, 2024) ("*Dismissal Order*"). We *affirm*.

## BACKGROUND

Mr. Berry is a veteran of the United States Army, proceeding pro se, who sought service connection for several conditions. Mr. Berry served in the Army from October 1972 to October 1975. At various times thereafter, he sought service connection for headaches, back and stomach conditions, and prostate cancer. Those claims were denied by the Department of Veterans Affairs ("VA") regional office ("RO"), and Mr. Berry did not appeal. Later, but before 2011, he sought to reopen his prostate cancer claim on grounds of new and material evidence. The RO refused to reopen the claim, and Mr. Berry did not appeal.

In 2011, Mr. Berry sought service connection for a stomach condition and to reopen his service connection claims based on new and material evidence. As relevant here, he also alleged clear and unmistakable error ("CUE") in the previous RO decisions.

In September 2012, the RO again denied service connection for Mr. Berry's stomach condition claim on the ground that the condition did not result from military service. The RO also denied Mr. Berry's request to reopen the other claims on the ground that the evidence submitted was not new and material. The RO did not address Mr. Berry's CUE allegations.

In October 2012, Mr. Berry filed a notice of disagreement with the RO's September 2012 decision. Among other

things, Mr. Berry alleged CUE in the previous rating decisions. In November 2015, the RO affirmed its September 2012 decision again without addressing Mr. Berry's CUE allegations. In December 2015, Mr. Berry appealed the RO's November 2015 decision to the Board of Veterans' Appeals ("Board").

In a deferred rating decision dated December 2015, the RO acknowledged Mr. Berry's CUE allegations but found that Mr. Berry had not submitted the proper forms to support such a claim. In January 2016, in accordance with the December 2015 decision, the RO sent a letter to Mr. Berry instructing him to submit a VA Form 21-526EZ (Application for Disability Compensation and Related Compensation Benefits) or to otherwise submit a new intent to file a claim. The RO also informed Mr. Berry that it "w[ould] take no further action until [it] receive[d] [his] completed application for benefits or complete intent to file." Record of Proceedings at 1730, *Lamar Berry v. Robert L. Wilkie*, CAVC No. 18-5579. Mr. Berry did not respond to the January 2016 letter, and there is no evidence in the record that Mr. Berry to date has filed the requested forms.

On September 11, 2018, the Board denied the new and material evidence claims but did not address CUE. *See* S. App'x 22–31[1] ("September 2018 Board Decision"). The Veterans Court later affirmed the Board's decision not to reopen the new and material evidence claims and dismissed Mr. Berry's CUE appeals because the Board had not rendered a final decision on them.

Mr. Berry then appealed to this court. On July 10, 2020, we affirmed the Veterans Court's dismissal of the CUE allegations because the Board had not rendered a

---

[1] Citations to "S. App'x" refer to the Supplemental Appendix filed by the government with its Corrected Informal Brief.

final decision on those claims, and the Veterans Court thus lacked jurisdiction to review them. We dismissed the appeal as to the new and material evidence claims.

Almost three years later, on May 19, 2023, Mr. Berry filed a "motion to reopen and revise [the September 2018 Board] Decision," which was the subject of his previous appeal to this court. S. App'x 1. He argued that the Board erred in not considering his CUE allegations in its 2018 decision. The Board apparently treated Mr. Berry's motion as one for reconsideration. On April 22, 2024, the Board's Deputy Vice Chairman denied Mr. Berry's motion, determining Mr. Berry had not shown an obvious error of fact or law in the September 2018 Board Decision.

On May 2, 2024, Mr. Berry appealed to the Veterans Court, seeking review of the April 2024 denial of his motion for reconsideration. On September 12, 2024, the Veterans Court dismissed the appeal, explaining that it could not revisit issues that have already been considered and finally decided by this court. *See Dismissal Order* at *2.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Mr. Berry appears to argue that the Veterans Court erred in not exercising jurisdiction over his CUE appeal. We disagree.

This court has long established that the basic principles of finality and res judicata apply to veterans' claims. *See, e.g., Routen v. West*, 142 F.3d 1434, 1437–38 (Fed. Cir. 1998). "[T]o prevail on a claim of *res judicata*, the party asserting the bar must prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003). A dismissal for lack of jurisdiction triggers the application of the doctrine of res judicata as to the jurisdictional issue. *Amgen Inc. v. U.S. Int'l Trade Comm'n*, 902 F.2d 1532, 1536 n.5 (Fed. Cir. 1990); *Watson v. United States*, 349 F. App'x 542, 544 (Fed. Cir. 2009) (nonprecedential).

In view of res judicata principles, the Veterans Court properly found it could not "revisit" the merits of the September 2018 Board Decision because that matter was finally decided by our court. *Dismissal Order* at *2. The arguments that Mr. Berry now raises as to the merits of the September 2018 Board Decision are based on the same operative set of facts as were at issue in the first appeal. Accordingly, we conclude Mr. Berry's appeal is barred in the Veterans Court by the doctrine of res judicata. *Amgen*, 902 F.2d at 1536 n.5 ("Dismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue.").

To be clear, we do not hold that Mr. Berry is barred from submitting a proper CUE claim to the VA, as the Board invited him to do in 2016. We hold only that the Veterans Court did not err in dismissing Mr. Berry's appeal in this case as foreclosed by res judicata.

Mr. Berry also appears to argue that the Secretary, Board, Veterans Court, or their respective employees engaged in unethical behavior and/or were part of a conspiracy at some point in the proceedings. Mr. Berry's only support appears to be the Board's and Veterans Court's

rulings themselves, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United State*s, 510 U.S. 540, 555 (1994). We thus conclude there is no merit to Mr. Berry's arguments on this issue.

## CONCLUSION

We have considered Mr. Berry's remaining arguments and find them unpersuasive. We *affirm* the Veterans Court's dismissal of Mr. Berry's appeal.

## AFFIRMED

### COSTS

No costs.