NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5040

MARK J. WATSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Mark J. Watson, of Plano, Texas, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Brian M. Simkin, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Christine O.C. Miller

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5040

MARK J. WATSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-00716, Judge Christine O.C. Miller.

_____

DECIDED:  June 10, 2008

_____

Before SCHALL and PROST, <u>Circuit Judges</u>, and WARD, <u>District Judge</u>.[*]

PER CURIAM.

Mark J. Watson appeals the January 25, 2008, order of the United Sates Court of Federal Claims denying reconsideration, <u>Watson v. United States</u>, No. 06-CV-00716 (Fed. Cl. Jan. 25, 2008), of an earlier order denying relief from judgment.  <u>Watson v. United States</u>, No. 06-CV-00716 (Fed. Cl. Jan. 10, 2008).  We <u>affirm</u>.

BACKGROUND

On January 26, 2007, the Court of Federal Claims issued an opinion dismissing Mr. Watson's claims in part for lack of subject matter jurisdiction and in part for failure to

---

 * Honorable T. John Ward, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

state a claim for which relief can be granted. <u>Watson v. United States</u>, No. 06-CV-00716, 2007 WL 5171595 (Fed. Cl. Jan. 26, 2007). This court affirmed on June 6, 2007. <u>Watson v. United States</u>, 240 Fed. Appx. 410 (Fed. Cir. 2007). The Supreme Court denied Mr. Watson's petition for writ of certiorari on October 1, 2007, <u>Watson v. United States</u>, 128 S.Ct. 162 (2007), and his petition for rehearing on November 26, 2007. <u>Watson v. United States</u>, 128 S.Ct. 697 (2007).

Thereafter, on December 27, 2007, Mr. Watson filed in the Court of Federal Claims, a Motion for Relief from Judgment Due to Mistake. The court construed the motion to be a motion for relief from judgment pursuant to Rule 60(b) of the Rules of the U.S. Court of Federal Claims ("RCFC"), and denied the motion in an order issued on January 10, 2008, because Mr. Watson had failed to set forth any ground recognized in RCFC 60(b) or show that the motion had been filed within a reasonable time after the judgment. <u>Watson v. United States</u>, No. 06-CV-00716 (Fed. Cl. Jan. 10, 2008).

On January 18, 2008, Mr. Watson filed a Motion for Reconsideration, alleging that his original complaint was mistakenly filed as a Fifth Amendment taking claim and instead should have been filed as a claim for liquidated damages under 28 U.S.C. § 1491(a)(1) or as a claim for relief under one or more statutes or regulations. Thus, Mr. Watson urged that the Court of Federal Claims does have jurisdiction over his claim. The court construed the motion to be a motion for reconsideration, pursuant to RCFC 59(a)(1), of its January 10, 2008, order. On January 25, 2008, the court denied the motion, concluding that Mr. Watson had failed to show "extraordinary circumstances which justify relief." <u>Watson v. United States</u>, No. 06-CV-00716, slip op. at 2 (Fed. Cl.

Jan. 25, 2008) (quoting <u>Fru-Con Constr. Corp. v. United States</u>, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000)).  This appeal followed.

DISCUSSION

We review the Court of Federal Claims' denial of a motion for reconsideration under RCFC 59(a)(1) for abuse of discretion.  <u>Renda Marine, Inc. v. United States</u>, 509 F.3d 1372, 1379 (Fed. Cir. 2007); <u>Mass. Bay Transp. Auth. v. United States</u>, 254 F.3d 1367, 1378 (Fed. Cir. 2001).  We also review a denial of a motion for relief from judgment under RCFC 60(b) for abuse of discretion.  <u>Info. Sys. & Networks Corp. v. United States</u>, 994 F.2d 792, 794 (Fed. Cir. 1993).  In considering an RCFC 60(b) motion, we cannot review the original judgment.  <u>Browder v. Dep't of Corr. of Ill.</u>, 434 U.S. 257, 263 n.7 (1978).

The Court of Federal Claims did not abuse its discretion in denying the motion for reconsideration, nor the underlying motion for relief from judgment.  In denying the motion for relief from judgment, the court explained that Mr. Watson had not identified any ground set forth in RCFC 60(b) nor shown that his motion had been made within a reasonable time following judgment.  In denying the motion for reconsideration, the court noted that Mr. Watson was attempting to amend his original claim to rely on other statutes or regulations in order to establish jurisdiction in the Court of Federal Claims.  The court, however, correctly recognized that a new legal argument cannot be raised in a motion for reconsideration under RCFC 59(a)(1) when the plaintiff knew of the facts giving rise to the argument during the pendency of the case.  <u>Caldwell v. United States</u>, 391 F.3d 1226, 1235 (Fed. Cir. 2004).  Further, the court considered each of the statutes and regulations and explained that none of them provided a basis for

jurisdiction. Thus, the court concluded that Mr. Watson had not shown "extraordinary circumstances" warranting reconsideration of the court's denial of his RCFC 60(b) motion. We find no abuse of discretion by the Court of Federal Claims.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims denying Mr. Watson's motion for reconsideration and his underlying motion for relief from judgment.