NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IRA LEE JACKSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2253

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01382-EDK, Judge Elaine Kaplan.

---

Decided: November 3, 2016

---

IRA LEE JACKSON, New Burgh, NY, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges*.

PER CURIAM.

Ira Lee Jackson ("Jackson") appeals from the decision of the United States Court of Federal Claims (the "Claims Court") denying his untimely motion to amend his complaint under Rule 15(a) and his motion for reconsideration under Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"). *Jackson v. United States*, No. 15-1382C, ECF No. 18 (Fed. Cl. May 9, 2016). Because the Claims Court did not err in dismissing Jackson's complaint, in denying his motion to amend, and in denying his motion for reconsideration, we *affirm*.

BACKGROUND

Mr. Jackson enlisted in the New York Army National Guard on April 12, 1984 and was released from active duty on September 15, 1984 and discharged from the New York National Guard and Army Reserve "Under Honorable Conditions" on December 1, 1989. *Jackson v. United States*, No. 15-1382C, 2016 WL 2841298, at *1 (Fed. Cl. May 9, 2016) ("*Order*"). On November 16, 2015, Jackson sued the United States in the Claims Court, alleging: (1) unlawful discharge and a request for back pay; (2) military disability retirement and a correction of his military records; (3) breach of contract; (4) civil rights violations; and (5) punitive damages based on defamation of character, libel, and slander. *Order* at *2. On February 16, 2016, the government moved to dismiss the complaint for lack of subject matter jurisdiction.

On March 2, 2016, Jackson attempted to submit an addendum to his complaint pursuant to "Local Rule 4," but the Claims Court returned it to Jackson, as unfiled, because the local rules cited are not applicable to the Claims Court, and directed him to RCFC 15(a)(2) for amending his complaint. *Jackson v. United States*, No. 15-1382C, ECF No. 9 (Fed. Cl. March 2, 2016). On April 14, 2016, the Claims Court entered an order indicating that it had received a motion from Jackson entitled "Mo-

tion Pursuant to 62[:] Proceeding of Stay of Complaint," which it would treat as Jackson's responsive motion because it contained objections to the government's motion to dismiss. *Jackson v. United States*, No. 15-1382C, ECF No. 10 (Fed. Cl. April 14, 2016).

On May 9, 2016, the Claims Court granted the government's motion to dismiss Jackson's complaint on the grounds that: (1) Jackson's claim for unlawful discharge and request for back pay was time-barred by the statute of limitations; (2) his claim for disability retirement pay had not yet accrued because he failed to exhaust his administrative remedies; (3) the court lacked jurisdiction to grant equitable relief to correct his military records; and (4) the court lacked jurisdiction over his civil rights and tort claims. *Order* at *2–3.

On May 26, 2016, Jackson filed an untimely motion to amend his complaint, which the Claims Court treated as a motion to amend the complaint under RCFC 15(a) and for reconsideration under RCFC 59(a). *Jackson v. United States*, No. 15-1382C, ECF No. 17 (Fed. Cl. May 26, 2016). The Claims Court denied the motion to amend because Jackson proposed no specific amendments that would cure the deficiencies and, moreover, any amendment would be futile because the claims were either outside the court's jurisdiction or time-barred. *Jackson*, ECF No. 18, at 2. The Claims Court denied the motion for reconsideration because Jackson did not "present an intervening change in controlling law, the availability of previously unavailable evidence, or an argument that reconsideration i[s] necessary to prevent a manifest injustice." *Id.*

Jackson appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review for an abuse of discretion both the Claims Court's decision on a motion to amend a complaint, *Cen-*

*cast Servs., L.P. v. United States*, 729 F.3d 1352, 1365 (Fed. Cir. 2013), and its denial of a motion for reconsideration, *Watson v. United States*, 281 F. App'x 970, 971 (Fed. Cir. 2008).

On appeal, Jackson alleges that the Claims Court should have granted a "motion for redact" before dismissing the complaint, indicating that the government representatives "had diff[e]rence of opinion [regarding] reversal." Appellant's Br. 1 (item 2). Jackson also alleges that the Claims Court failed to consider "all elements of wrong under . . . Regular Army Regulation 635-200 para. 16-9a, or b. See AR 27-10 June 6, 1995." *Id.* (item 4). Jackson alleges that the Claims Court was biased in denying his motion to amend the complaint and to stay the proceedings. *Id.* (item 5).

The government responds that Jackson provided no facts or evidence to substantiate his allegation of bias and that he proposed no specific amendments that would cure the deficiencies identified by the Claims Court. Appellee's Br. 6. The government also argues that even if he had proposed such amendments, any amendments would be futile, as the Claims Court correctly held. *Id.* at 8. Finally, the government contends that Jackson presented no further facts, or identified any mistake of fact, which could confer jurisdiction upon the Claims Court. *Id.* at 6.

We agree with the government that the Claims Court properly dismissed Jackson's complaint, properly denied his motion to amend the complaint, and properly denied his motion for reconsideration.

The Claims Court correctly concluded that Jackson's claim for unlawful discharge and back pay is time-barred. *Order* at *3. The Military Pay Act, 37 U.S.C. § 204, "provides for suit in [the Claims Court] when the military, in violation of the Constitution, a statute, or a regulation, has denied military pay." *Antonellis v. United States*, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (quoting *Dysart v. United*

*States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004)). However, the Claims Court's jurisdiction under the Military Pay Act is subject to the six-year statute of limitations set forth in 28 U.S.C. § 2501, which accrues when the party is discharged from active duty. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Jackson's claim for unlawful discharge from the armed services first accrued when he was discharged from active duty in 1984; thus, his claim for unlawful discharge and back pay became time-barred under the six-year statute of limitations in 1990. Because the Claims Court lacked jurisdiction over Jackson's claim for back pay due to the time bar, it also correctly concluded that it lacked jurisdiction over his claim for correction of his military records. *Order* at *3. The Claims Court may order a correction of military records only if it is "incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2); *see also James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998).

The Claims Court also correctly concluded that it lacks jurisdiction to review Jackson's claims for punitive damages based on defamation of character, libel, and slander. *Order* at *3. The Claims Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Claims Court to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). In order for the Claims Court to have jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). However, it is well settled that the Claims Court lacks jurisdiction over tort claims, *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993), and claims

for punitive damages, *Garner v. United States*, 230 Ct. Cl. 941, 943 (1982). Thus, Jackson's claim for punitive damages based on defamation of character, libel, and slander is outside of the Claim's Court's jurisdiction.

The Claims Court also correctly held that it lacks jurisdiction over Jackson's breach of contract claim, *Order* at *3, because military pay is governed by statute and not by common law rules concerning private contracts. *Schism v. United States*, 316 F.3d 1259, 1272 (Fed. Cir. 2002) (en banc) (citing *Bell v. United States*, 366 U.S. 393, 401 (1961)).

Finally, the Claims Court correctly determined that it lacks jurisdiction over Jackson's claim for disability retirement pay. *Order* at *3–4. Under 10 U.S.C. § 1201, such claims "do not accrue until the appropriate board either finally denies [the] claim or refuses to hear it." *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990). Jackson has not exhausted his administrative remedies because the proper board has not yet acted or declined to act on a claim for disability retirement pay. Thus, the Claims Court lacks jurisdiction over that claim.

In light of the foregoing, the Claims Court correctly dismissed Jackson's motion to amend the complaint. Jackson proposed no specific amendments that would cure the afore-mentioned deficiencies. Furthermore, because the claims were either outside the Claims Court's jurisdiction or time-barred, any amendments would have been futile. The Claims Court also properly dismissed Jackson's motion for reconsideration. On that motion, Jackson bore the burden of "show[ing] exceptional circumstances justifying relief based on a manifest error of law or mistake of fact." *Kaplan v. United States*, 115 Fed. Cl. 491, 493 (2014) (quoting *Stueve Bros/ Farms, LLC v. United States*, 107 Fed. Cl. 469, 474 (2012)) (internal quotation marks omitted). Jackson failed to meet this burden because he pointed to no "intervening change in control-

ling law; . . . availability of previously unavailable evidence; or . . . the necessity of [reconsideration for] preventing manifest injustice." *Id.* (citations omitted).

We have considered Jackson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decisions of the Claims Court dismissing Jackson's complaint, denying his motion to amend the complaint, and denying his motion for reconsideration are *affirmed*.

**AFFIRMED**

Costs

No costs.