NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**CLAUDE PHILLIP VINCENT,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

—————————

2018-1352

—————————

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00969-PEC, Judge Patricia E. Campbell-Smith.

—————————

Decided: May 4, 2018

—————————

CLAUDE PHILLIP VINCENT, Kernersville, NC, pro se.

DAVID ALAN LEVITT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

—————————

Before PROST, *Chief Judge,* TARANTO and HUGHES, *Circuit Judges.*

PER CURIAM.

Claude Vincent brought this case in the Court of Federal Claims.  He claimed that he did not timely receive one of his monthly disability-benefits checks from the Department of Veterans Affairs (DVA) and that unlawful and tortious conduct of DVA employees was responsible.  The Court of Federal Claims dismissed the case, concluding that Mr. Vincent did not state any claim that was within its jurisdiction.  *Vincent v. United States*, 135 Fed. Cl. 330 (2017).  We affirm.

I

Mr. Vincent served on active duty in the Navy between March 1972 and May 1976, and he later began receiving monthly disability payments from DVA.  In July 2010, DVA failed to deposit Mr. Vincent's disability check into his checking account.  Mr. Vincent contacted the DVA Regional Office in Winston Salem three times, requesting a "tracer action" to locate the check.  DVA informed him after each request that he would receive a response from the Department of the Treasury in thirty to forty days.  Mr. Vincent alleges that he independently contacted his bank, which indicated that Treasury had informed it that the July 2010 check had been returned to the Regional Office and that DVA had not initiated any tracer actions.  Mr. Vincent filed a number of administrative complaints with DVA and a civil rights complaint with the Department of Justice.  The record indicates that Mr. Vincent received his July 2010 money in December 2010.

In July 2017, Mr. Vincent filed a complaint in the United States Court of Federal Claims.  In his complaint Mr. Vincent asserted jurisdiction under the Tucker Act, 28 U.S.C. § 1491, and under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1).  He identified the follow-

ing laws and regulations as supporting his claim: (1) 42 U.S.C. § 1983; (2) 18 U.S.C. § 1341; (3) 18 U.S.C. § 1343; (4) Section 5 of the "Rehabilitation Act," 29 U.S.C. § 794, and (5) the FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–80. After the government moved to dismiss the complaint for lack of jurisdiction, Mr. Vincent responded that his complaint stated a claim for declaratory and injunctive relief pursuant to 28 U.S.C. § 2675(a), 37 U.S.C. § 204, and Chapter 11 of Title 38. Mr. Vincent asked, "can the US Department of Veterans Affairs allow their federal employees to illegally withhold military compensation pay for six months in defiance of 38 U.S.C. Chapter 11?" Gov't Appx. 75. Mr. Vincent argued that the court has "[j]urisdiction over military pay claims." *Id.*; *see also* Gov't Appx. 78. He further stated that he was not asserting claims based on criminal statutes (which he cited merely as "examples . . . for informational purposes") or based on civil rights violations. *Id.*

The Court of Federal Claims dismissed the case under Rule 12(b)(1) of the Rules of the Court of Federal Claims. *Vincent*, 135 Fed. Cl. at 332. First, the court held that it lacked jurisdiction over the claims stated in Mr. Vincent's complaint: (1) 42 U.S.C. § 1983, (2) 18 U.S.C. § 1341, (3) 18 U.S.C. § 1343, (4) 29 U.S.C. § 794, and (5) 28 U.S.C. § 1346(b)(1). *Id.* at 334. Second, the court held that it lacked jurisdiction over the claims described in Mr. Vincent's briefing in response to the motion to dismiss. *Id.* at 335. In particular, the court explained, even if Mr. Vincent were to have amended his complaint, it would lack jurisdiction over Mr. Vincent's claim under 37 U.S.C. § 204 because "nowhere in the complaint or plaintiff's briefs is there a reference to active duty military service within this court's six-year limitations period," and it would lack jurisdiction over Mr. Vincent's claim under 38 U.S.C. Chapter 11 because it does not have jurisdiction over such Title 38 benefits claims. *Id.* Finally, the court rejected Mr. Vincent's argument that his claim "sounds in

contract." *Id.* ("There is no contract-based jurisdiction in this court for military pay or veterans benefits."). Having found no jurisdiction, the court then ruled that it would be futile to transfer Mr. Vincent's tort claims to federal district court: any such tort claims were untimely because this action was not filed "within the time-window for a timely FTCA suit in a federal district court." *Id.* at 336.

Mr. Vincent timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

### A

The Court of Federal Claims, under the Tucker Act, has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). For jurisdiction to exist over any of the claims here, Mr. Vincent "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *Testan*, 424 U.S. at 400).

This court reviews the dismissal for lack of jurisdiction in this case *de novo*. *See Diaz v. United States*, 853 F.3d 1355, 1357 (Fed. Cir. 2017). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integra-*

*tion, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

B

In his appeal to this court, Mr. Vincent makes several efforts to establish an applicable source of monetary obligation, all in some way related to the contention that the alleged wrongs involve military pay. Appellant Br. 1. We limit our discussion to these arguments; we do not address other issues discussed by the Court of Federal Claims. We conclude that the court's dismissal of Mr. Vincent's claims was correct.

A specific military pay statute invoked by Mr. Vincent as a source of a money-mandating obligation is 37 U.S.C. § 204. That statute addresses pay for "(1) a member of a uniformed service who is on active duty; and (2) a member of a uniformed service, or a member of the National Guard who is not a Reserve of the Army or the Air Force, who is participating in full-time training, training duty with pay, or other full-time duty, provided by law," 37 U.S.C. § 204(a), and a member "of a reserve component of a uniformed service," *id.* §§ 204(g)–(h). But nothing in the complaint, or Mr. Vincent's assertions in response to the motion to dismiss, indicates that Mr. Vincent, in July 2010, was in any status listed in § 204, or that he was in such status any time within the six-year statute of limitations. *See* 28 U.S.C. § 2501; *Martinez v. United States*, 333 F.3d 1295, 1303–04 (Fed. Cir. 2003) (en banc); *see also Jackson v. United States*, 664 F. App'x 922, 924–25 (Fed. Cir. 2016). And to the extent that Mr. Vincent is alleging, as the basis for his pay claim under Section 204, that he was unlawfully discharged in 1976, such a claim is barred by the statute limitations. Section 204 therefore cannot apply here.

Mr. Vincent also invokes 38 U.S.C. § 1110, which provides for payment to veterans "[f]or disability resulting from personal injury suffered or disease contracted in line

of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during a period of war . . . ." Mr. Vincent's grievance here concerns a disability payment that he eventually received. He is seeking something more, but if he is seeking it under Section 1110, this is a claim that must proceed through the statutorily prescribed route of review for such statutory benefits—a route that runs through the Court of Appeals for Veterans Claims (Veterans Court). *See*, *e.g.*, 38 U.S.C. § 511(a) (Secretary action), § 7104 (Board of Veterans' Appeals), § 7252 (Veterans Court). The Court of Federal Claims lacks jurisdiction to hear a claim for benefits under Section 1110 or comparable Title 38 provisions. *See, e.g.*, *Sindram v. United States*, 130 F. App'x 456, 458 (Fed. Cir. 2005) ("The [Veterans Judicial Review Act of 1988] provides that an appeal to the Veterans Court is the exclusive judicial remedy for the denial of a veteran's benefits, thereby preempting Tucker Act jurisdiction over the plaintiff's claims.").

Mr. Vincent appears to argue that he is entitled to retirement compensation. This contention, made only on reply in this court and not in the Court of Federal Claims, comes too late. And the claim lacks merit as a ground for Tucker Act jurisdiction. To be eligible for active duty retirement, an individual must have at least 20 years of active service. *See Howell v. Howell*, 137 S. Ct. 1400, 1402–03 (2017). Mr. Vincent served on active duty in the military from 1972 to 1976. Gov't Appx. 75. To the extent that he is challenging his release from active duty as an improper involuntary release, his claim is barred, at a minimum, by the six-year statute of limitations restricting Tucker Act jurisdiction. *See* 28 U.S.C. § 2501; *see also Martinez*, 333 F.3d at 1304. To the extent that Mr. Vincent's challenge is that he was entitled to disability retirement pay under 10 U.S.C. § 1201, his claim is not ripe because he has not presented this claim to a Navy board,

as required. *See Chambers v. United States*, 417 F.3d 1218, 1224–25 (Fed. Cir. 2005) ("Unlike claims for unlawful discharge . . . claims of entitlement to disability retirement pay generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it."); *see also Malcolm v. United States*, 690 F. App'x 687, 689 (Fed. Cir. 2017).

Mr. Vincent asserts a contract right to military pay, but the Court of Federal Claims correctly ruled that military pay is controlled by statute, not contract. *See Schism v. United States*, 316 F.3d 1259, 1271 (Fed. Cir. 2002) (en banc); *Jackson*, 664 F. App'x at 925. And to the extent that Mr. Vincent asserts torts in connection with a characterization of his claim as one for military pay, the Court of Federal Claims lacked jurisdiction over Mr. Vincent's claim. Congress gave jurisdiction over FTCA claims to the district courts, not the Court of Federal Claims. 28 U.S.C. §§ 1346(b)(1), 2674; *see also* 28 U.S.C. § 1491(a)(1) (Tucker Act language excluding cases "sounding in tort").[1]

## III

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

No costs.

## AFFIRMED

---

[1] Mr. Vincent has not challenged the trial court's determination that it lacked authority to transfer his claim under the Federal Tort Claims Act pursuant to 28 U.S.C. § 1631.