NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL ANTHONY RADOGNA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1811

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00442-DAT, Judge David A. Tapp.

---

Decided: October 4, 2022

---

MICHAEL ANTHONY RADOGNA, Easton, PA, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

PER CURIAM.

Michael Radogna appeals the United States Court of Federal Claims' dismissal of his complaint for lack of jurisdiction. We affirm.

## BACKGROUND

On April 4, 2022, Mr. Radogna filed a *pro se* complaint in the Court of Federal Claims. SAppx. 7–9.[1] He alleged that his "Constitutional rights . . . have been violated by the United States by not monitoring nor directing oversight upon the Pennsylvania Supreme Court's actions" relating to a case involving the Pennsylvania Catholic Diocese and allegations of child sexual abuse. SAppx. 8. Mr. Radogna also alleged the United States violated his rights by "not monitoring nor directing oversight of . . . the Secretary of the Commonwealth of Pennsylvania," and requested that the court investigate the Secretary's "background and political connections." *Id.* As for alleging jurisdiction of the Court of Federal Claims, Mr. Radogna cited "Constitutional violations, [e]quality under the [l]aw violations, [d]iscrimination upon [his] class of community victimized citizens," as well as 42 U.S.C. § 5106a. SAppx. 7.

The Court of Federal Claims liberally construed Mr. Radogna's complaint to include several categories of arguments but concluded it did not have jurisdiction to hear any of them. Accordingly, the trial court sua sponte dismissed Mr. Radogna's complaint under Rule 12(h)(3) of the Rules of the Court of Federal Claims. *Radogna v. United States*, 159 Fed. Cl. 447 (2022) (*Dismissal Order*).

Mr. Radogna appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"Either party, or the court sua sponte, may challenge the court's subject-matter jurisdiction at any time." *Walby*

---

[1]    "SAppx." refers to the supplemental appendix filed by the Government.

*v. United States*, 144 Fed. Cl. 1, 5 (2019) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006)). The rules of the Court of Federal Claims require the court to dismiss an action if "the court determines at any time that it lacks subject-matter jurisdiction." R. Ct. Fed. Cl. 12(h)(3). We review the Court of Federal Claims' dismissal of a complaint for lack of subject-matter jurisdiction de novo. *Creative Mgmt. Servs., LLC v. United States*, 989 F.3d 955, 961 (Fed. Cir. 2021). We construe *pro se* filings like Mr. Radogna's liberally, but that does not alleviate Mr. Radogna's burden to establish jurisdiction. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

The Court of Federal Claims is a court of limited jurisdiction, meaning it can hear only certain types of legal claims.[2] Here, even broadly interpreting Mr. Radogna's complaint, the Court of Federal Claims determined none of his arguments were of the type that the court has the power to adjudicate, and thus that it was required to dismiss his complaint. We agree and affirm.

The Court of Federal Claims construed Mr. Radogna's complaint as asserting claims under 42 U.S.C. § 5106a, a provision of the Child Abuse Prevention and Treatment

---

[2] Specifically, the Court of Federal Claims is primarily authorized to hear money claims founded upon the Constitution, federal statutes, executive regulations, or contracts with the United States. 28 U.S.C. § 1491 provides that the court also has jurisdiction over claims for just compensation for the taking of private property under the Fifth Amendment, requests for the refund of federal taxes, claims regarding military and civilian pay, and claims for damages for the government's breaches of contract. The court also has jurisdiction over bid protests involving government contracts, vaccine compensation, claims of patent and copyright infringement against the United States, and certain suits brought by Indian tribes.

Act, and various Constitutional provisions. *Dismissal Order*, 159 Fed. Cl. at 448. On appeal, Mr. Radogna reasserts these claims and also raises a new claim based on 18 U.S.C. § 242. Appellant's Br. 2, 6–7.[3] We address each of these claims in turn.

We turn first to the court's determination that Mr. Radogna's § 5106a claim was not within its jurisdiction. For the Court of Federal Claims to have jurisdiction over a claim, the statute upon which the claim is based must mandate that the Government make a monetary payment to the person making the claim; in other words, the statute must be money mandating. *See Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act."); *see also* 28 U.S.C. § 1491(a)(1).

The Court of Federal Claims properly determined that § 5106a is not money mandating. *Dismissal Order*, 159 Fed. Cl. at 449–50. We agree that § 5106a—which generally concerns "[g]rants to States for child abuse or neglect prevention and treatment programs"—nowhere provides a right to monetary damages for an individual. In other words, as the Court of Federal Claims explained, § 5106a "cannot be fairly interpreted as creating an individual's entitlement to money damages for any violation of the provisions therein." *Dismissal Order*, 159 Fed. Cl. at 450. Accordingly, the court correctly determined it did not have jurisdiction to consider this claim.

We turn next to the trial court's dismissal of Mr. Radogna's constitutional claims for lack of jurisdiction. We have held that the clauses of the Constitution (including the Due Process, Equal Protection, and Privileges and

---

[3] "Appellant's Br. __" refers to pages in Mr. Radogna's informal brief as numbered by operation of an electronic file viewing system.

Immunities Clauses) are not sources of substantive law that create the right to money damages, i.e., are not money mandating. *See* U.S. CONST. art. IV, § 2, cl. 1 (lacking any money mandating provision); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that clauses of the Fifth and Fourteenth Amendments were insufficient for jurisdiction "because they do not mandate payment of money by the government"); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). Accordingly, the trial court correctly determined that it lacked jurisdiction over Mr. Radogna's constitutional claims, as those provisions are not money mandating.

On appeal, Mr. Radogna cites 18 U.S.C. § 242 for the first time. Appellant's Br. 2, 6–7. This is a criminal statute proscribing the "deprivation of any rights, privileges, or immunities" based on alienage or race. § 242. Mr. Radogna also cites on appeal to "Pennsylvania's commonwealth documents law," Appellant's Br. 2 (cleaned up), which seems to implicate laws of the Commonwealth of Pennsylvania. As an initial matter, because Mr. Radogna "did not raise th[ese claims] before the Court of Federal Claims, [they are] waived on appeal." *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1355 (Fed. Cir. 2011).

Even if Mr. Radogna had raised these claims before the Court of Federal Claims, that court would lack jurisdiction to consider them. As it explained in its decision, the Court of Federal Claims does not have jurisdiction over claims involving "criminal decisions, state court actions, or direct actions by state agencies or officials." *Dismissal Order*, 159 Fed. Cl. at 449; *see also Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (affirming dismissal of complaint alleging violation of criminal statutes, because the Court of Federal Claims has no jurisdiction to adjudicate claims under the criminal code). Similarly, the Court of Federal Claims does not have jurisdiction over state law claims. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are [] outside the

scope of the limited jurisdiction of the Court of Federal Claims."); *see also Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) ("The Court of Federal Claims lacks jurisdiction over states, state officials, and state agencies.") (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Thus, even if Mr. Radogna had raised these claims before the Court of Federal Claims, that court would have been required to dismiss them for lack of jurisdiction.

Finally, on appeal, Mr. Radogna argues that he should have been allowed to file a post-judgment amended complaint. Appellant's Br. 2. The Court of Federal Claims rejected Mr. Radogna's motion to amend his complaint because, among other reasons, he failed to attach a copy of his proposed amended complaint and thus the court could not evaluate whether amendment would be helpful. SAppx. 10.

We review a trial court's denial of a motion to amend for an abuse of discretion. *Steffen v. United States*, 995 F.3d 1377, 1379 (Fed. Cir. 2021). In this case, Mr. Radogna did not file a proposed amended complaint, and his motion stated only that he sought "to amend the complaint to conform it to omissions and[/]or defects in it, or not in it, as originally provided." SAppx. 11. Because Mr. Radogna did not identify any "specific amendments that would cure the . . . deficiencies" in his complaint, the trial court did not abuse its discretion in declining to consider it. *Jackson v. United States*, 664 F. App'x 922, 925 (Fed. Cir. 2016); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying "futility of amendment" as a basis for denying leave to amend). Furthermore, for the reasons described above, the Court of Federal Claims correctly determined that it did not have jurisdiction to consider Mr. Radogna's claims, even giving a broad reading to what he alleged in his complaint. We do not see how amendment would overcome these jurisdictional defects, and thus we affirm the court's denial of leave to amend.

We have considered Mr. Radogna's remaining arguments in his briefing and various letters and other documents filed by Mr. Radogna (*see* ECF Nos. 26, 29, 30, and 31) and find them unpersuasive.

## CONCLUSION

For the reasons stated above, we affirm the Court of Federal Claims' dismissal of Mr. Radogna's complaint.

## **AFFIRMED**

## COSTS

No costs.